IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAY WILLIAMS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-1664-L-BN** |
| | § | |
| **REBECCA RUTHERFORD,** | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

On July 16, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court, pursuant to 28 U.S.C. § 1915A(b)(1), dismiss with prejudice this action by pro se Plaintiff Jay Williams against United States Magistrate Judge Rebecca Rutherford as barred by judicial immunity.  After issuance of the Report, Plaintiff filed the following four documents, which were docketed between July 16 and 29, 2024: (1) Notice/Memorandum; (2) Notice of Deposition; (3) Request for Everything Discovery Without Delay; and (4) Motion for Writ of Habeas Corpus.  Docs. 6-9.  Even liberally construing these filings as objections to the Report, they do not overcome the judicial immunity bar.  Any such objections are, therefore, **overruled**.  Moreover, the Motion for Writ of Habeas Corpus should have been filed in a separate action, as Plaintiff seeks relief in the motion that is separate and apart from his claims against Judge Rutherford in this case for "for defamation of character, treason & other criminal acts."  Report 1 (quoting Doc. 3).

Having considered Plaintiff's pleadings, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was presumed to have been made, the court determines that the findings and conclusions of the magistrate judge are

correct, and **accepts** them as those of the court.  Accordingly, pursuant to 28 U.S.C. § 1915A(b)(1), the court **dismisses with prejudice** this action and claims by Mr. Williams against Judge Rutherford "for defamation of character, treason & other criminal acts" as they are barred by judicial immunity.  Further, the court **directs** the clerk of court to **open** a new civil habeas case, which shall be randomly assigned to a district judge and magistrate judge; and docket the Motion for Writ of Habeas Corpus (Doc. 9) in the new civil action.

The court also prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **accepts and incorporates** by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 5th day of September, 2024.


Sam A. Lindsay
United States District Judge